# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:10cv468-W-02
# (3:04cr266-W)

| | |
|---|---|
| DAVID LAMAR BUTLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, filed September 21, 2010 (Doc. No. 1). No response is necessary from the Government.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Pertinent Court records reflect that after waiving his right to proceed under an indictment, on October 6, 2004, Petitioner was convicted upon his guilty plea to the charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Case No. 3:04cr266, Doc. No. 5). At sentencing, the Court imposed a term of five years imprisonment and three years supervised release. (Id.).

While Petitioner was serving his supervised release term, on January 29, 2007, the United States Probation Office filed a Petition for Warrant or Summons on the basis of his alleged violation of his supervised release term. (Id., Doc. No. 8). Said Petition was premised upon Petitioner's failure to report to his probation officer as instructed. (Id.). Thereafter, on March 28, 2007, an Addendum to that Petition was filed asserting an additional violation on the basis of

Petitioner's having been charged with two separate offenses under North Carolina law. (Id., Doc. No. 12).

On May 17, 2007, the Court held a hearing on the Petition during which it concluded that Petitioner had violated his supervised release by his failure to report as directed. (Id., Doc. No. 19 at 1). Accordingly, the Court revoked Petitioner's supervised release and imposed a 14-month sentence along with a new twenty-two month term of supervised release. (Id. at 2-3). The Court also granted the Government's request to continue the proceeding as to the second alleged violation. Petitioner served his 14-month term, was released from federal custody and was placed back on supervised release on December 21, 2007. (Id., Doc. No. 22 at 3).

On October 6, 2008, defense counsel filed a Motion to Dismiss the second violation. (Id., Doc. No. 21). However, on July 10, 2009, the United States Probation Office filed a Petition for Warrant for the arrest of Petitioner on the basis of eleven alleged violations of State law, six of which reportedly were committed after his release from custody in December 2007, that is, between November 2008 and June 2009. (Id., Doc. No. 22 at 2-3). Indeed, on July 23, 2009, the Superior Court of Union County convicted Petitioner of several of those charges and sentenced him to a term of 81 to 100 months imprisonment. (Doc. No. 1 at 10).

Thus, on December 16, 2009, this Court held a hearing on the most recent violation Petition at which time Petitioner conceded that he had committed six of the eleven violations listed in such Petition. (Id., Doc. No. 29 at 1). Therefore, the Court revoked his supervised release term and sentenced Petitioner to an additional 10-month term of imprisonment, such term to be served at the conclusion of his State sentence. (Id. at 2). The Court's Judgment was filed on January 7, 2010. (Id., Doc. No. 29).

On September 21, 2010, Petitioner filed the instant Motion to Vacate, arguing that the

Court should have imposed a two-year sentence for all of his violations during his first revocation hearing instead of holding two separate proceedings during which it imposed 14-month and 10-month terms; that he was subjected to an "unnecessary delay" by virtue of the two-and-one-half year lapse which occurred between his commission of the supervised release violations and this Court's disposal of those matters; that this Court disregarded his Motion to Dismiss the allegations which was pending from the first Petition; and that he has been subjected to a complete miscarriage of justice and cruel and unusual punishment because the Court's imposition of a consecutive term makes him ineligible for certain privileges while serving his sentence in the North Carolina Department of Corrections. (Doc. No. 1 at 4-11).

## II.  STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings directs, sentencing courts promptly to examine motions to vacate in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. When it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that a petitioner is not entitled to relief, a court must dismiss the motion. After a careful review of Petitioner's Motion to Vacate, the Court has determined that his claims all must be summarily denied.

## III.  DISCUSSION

The record reflects that Petitioner did not appeal the Judgment imposing his 10-month sentence. Instead Petitioner filed the instant Motion to Vacate raising three claims which seem to challenge the timing of his revocation proceedings and one which challenges the manner in which he is required to serve his sentence. However, Petitioner's claims are unavailing.

First, "[t]he scope of review of non constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack

unless it involves a fundamental defect which inherently results in a complete miscarriage of justice, . . . or is inconsistent with the rudimentary demands of fair procedure." United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999) (internal quotation and citations omitted). A review of Petitioner's claims reflect that they do not allege constitutional error.[1] Rather, the gist of the claims challenges the timing in which his 10-month sentence was imposed and the manner in which he will have to serve that sentence. As such, Petitioner's allegations fall short of stating a cognizable claim under § 2255.

Nor does Petitioner articulate how such claims, though not rising to the level of asserting constitutional error, either involve a fundamental defect which results in a miscarriage of justice or demonstrate that he has been subjected to an unfair procedure so as to render the claims cognizable under the exception to the general rule disfavoring review of non-constitutional claims. Therefore, the instant claims do not provide a basis for Petitioner to collaterally attack his sentence.

Second, even if the Court were to conclude that the claims were not procedurally defaulted by Petitioner's failure to raise them on direct appeal and that the claims raise matters which implicate his constitutional rights, the law is well settled that supervised release revocation proceedings are not stages of the criminal prosecution; therefore, the full panoply of rights, such as the right to a speedy trial, does not apply. See United States v. Soles, 336 Fed. App'x 287, 289 (4th Cir. July 2, 2009) (unpublished) (citing United States v. House, 501 F.3d 928, 930-31 (8th Cir. 2007)(Sixth Amendment speedy trial right not applicable in supervised

---

[1] Not even Petitioner's claim that his sentence constitutes cruel and unusual punishment is sufficient to state a constitutional claim for relief. While the Eighth Amendment carries a narrow proportionality principle that applies to non-capital cases, "proportionality review is not available for any sentence less than life imprisonment without the possibility of parole." United States v. Ming Hong, 242 F.3d 528, 532 (4th Cir. 2001). Thus, even if Petitioner's claim that he is being subjected to cruel and unusual punishment -- by virtue of the collateral consequences of his consecutive 10-month sentence -- could be construed as alleging that the sentence is disproportionate to his offenses, he still would not be entitled to any review of that allegation.

release revocation proceedings). Thus, Petitioner's challenges to the timeliness of his supervised release proceedings are baseless in any event.

Finally, as to his remaining claim of cruel and unusual punishment, the Court finds that Petitioner has failed to point to any circumstances that prevented the Court from imposing the 10-month term consecutively to his undischarged State sentence. On the contrary, the Court expressly is authorized to impose a consecutive term in situations such as this. See 18 U.S.C. § 3584(a) and (b) (authorizing courts to impose consecutive sentences when appropriate under relevant sentencing factors) and U.S.S.G. §§ 5G1.3(c) (authorizing courts, under circumstances like this, to impose consecutive sentences upon defendants who already are serving state or federal sentences). Therefore, the Court concludes that Petitioner's claims simply do not entitle him to any relief.

**NOW, THEREFORE, IT IS ORDERED THAT** Petitioner's Motion to Vacate (Doc. No. 1) must be **DENIED and DISMISSED** for its failure to state a claim for relief.

**SO ORDERED.**

Signed: November 17, 2010

Frank D. Whitney
United States District Judge